UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
*ex rel.* JOSEPH FUENTES, et al.

    Plaintiffs,

v.                              CASE NO.: 8:09-cv-1245-T-23EAJ

GENZYME CORP.,

    Defendant.
_____/

**ORDER**

Beth Ann Scharrer, the trustee of the bankruptcy estate of Natalie Khawam, moves (Doc. 94) to file a charging lien.[1] The movant argues for ancillary jurisdiction; the respondent argues that ancillary jurisdiction is superseded. The respondent misunderstands the distinction between jurisdiction over a related claim and jurisdiction over a related proceeding. Although supplemental jurisdiction (under 28 U.S.C. § 1367(b)) applies to a district court's jurisdiction over a related claim, ancillary jurisdiction applies to a district court's jurisdiction over a related proceeding:

---

[1] The motion transparently stretches the Local Rules to their limit. The content of the motion is precisely twenty-five pages, and the motion contains forty-five footnotes, some of which occupy more than half a page.

> Although Congress codified most of the common-law doctrine of ancillary jurisdiction under 28 U.S.C. § 1367 as part of supplemental jurisdiction, Section 1367 did not affect common law ancillary jurisdiction "over related proceedings that are technically separate from the initial case that invoked federal subject matter jurisdiction. This form of jurisdiction developed in case law as 'ancillary' or 'ancillary enforcement' jurisdiction."

*Munoz v. Ekl, Williams & Provenzale LLC*, 2013 WL 1611373 (N.D. Ill. Apr. 15, 2013) (St. Eve, J.) (quoting Wright & Miller, *Federal Practice and Procedure* Vol. 13, § 3523.2 (3rd ed. 2010)).[2]

Nonetheless, like supplemental jurisdiction, "a district court's exercise of ancillary jurisdiction is discretionary, [and] the court must be cautious in its willingness to expand its jurisdiction." *Bruton v. Carnival Corp.*, 916 F. Supp. 2d 1262, 1265 (S.D. Fla. 2012) (Torres, Mag. J.); *accord Samba Enters., LLC. v. iMesh, Inc.*, 2012 WL 1592224 (S.D.N.Y. May 4, 2012) (Chin, J.) ("Federal courts may, at their discretion, exercise ancillary jurisdiction . . . ."); *Hogben v. Wyndham Int'l, Inc.*, 2007 WL 2225970 (S.D. Fla. Aug. 1, 2007) (Torres, Mag. J.) (describing ancillary jurisdiction as a "narrow doctrine" and declining jurisdiction over a dispute involving an attorney that never appeared on the record). In this action, reason exists to decline ancillary jurisdiction because (1) the dispute concerns only

---

[2] The occasional misuse of "ancillary" and "supplemental" in the decisions undoubtedly contributes to the respondent's confusion. *See, e.g.*, *Trianon Condo. Apartments Ass'n, Inc. v. QBE Ins. Corp.*, 2011 WL 664317 (S.D. Fla. Feb. 23, 2011); *Genesis Press, Inc. v. Hartford Cas. Ins. Co.*, 2010 WL 3169286 (D.S.C. Aug. 6, 2010).

non-parties and (2) Khawam never appeared in this action as an attorney-of-record.  *Levitt v. Brooks*, 669 F.3d 100, 103 (2d Cir. 2012) ("It is well settled that a federal court may, in its discretion, exercise ancillary jurisdiction to hear fee disputes *between litigants and their attorneys* when the dispute relates to the main action." (emphasis added)); *Bruton*, 916 F. Supp. 2d at 1267 ("[A]ncillary jurisdiction is designed, narrowly, to protect the parties to the litigation itself.").  In particular, the absence of a party in this dispute is dispositive:

> The dispute here is over the contractual arrangements between *an attorney and his former employer*, as opposed to the cases in which ancillary jurisdiction is correctly used to exercise jurisdiction over disputes between *attorney and client*. . . . Several other districts have, other than in class action settlements, "declined to exercise ancillary jurisdiction over disputes between attorneys as to the proper division of fees earned in the underlying litigation" because it is unrelated to the original suit. *See Foster v. Board of Trustees of Butler County Community College*, 771 F. Supp. 1118, 1121 (D. Kan. 1991). For example, fee disputes between an attorney who resigned as a shareholder of a law firm and his former firm were not germane to civil litigation regarding a hijacked airplane because the dispute "does not involve the clients directly." *See In re Hijacking of Pan Am. World Airways, Inc. Aircraft at Karachi Int'l Airport*, 698 F.Supp. 479, 482 (S.D.N.Y. 1988).
>
> Similarly, disputes which arise from a private contract between attorneys are wholly tangential to the federal question claims raised by [the plaintiff] and, thus, are not integral to the main proceeding and do not provide a basis for ancillary jurisdiction.

*Am. Fed'n of State, Cnty., & Mun. Emps. Council 79 v. Scott*, 949 F. Supp. 2d 1239, 1245 (S.D. Fla. 2013) (Torres, Mag. J.)

Accordingly, the motion (Doc. 94) is **DENIED**.[3]

ORDERED in Tampa, Florida, on May 9, 2014.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[3] Because the underlying claims in this action are dismissed, the exercise of supplemental jurisdiction is discretionary. So, even if the respondent is correct and supplemental jurisdiction fully superseded ancillary jurisdiction, supplemental jurisdiction is **DECLINED**. 28 U.S.C. § 1367 ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); *see also Griffin v. Lee*, 621 F.3d 380, 389 (5th Cir. 2010) (finding no supplemental jurisdiction in a circumstance similar to this action); *Genesis Press, Inc. v. Hartford Cas. Ins. Co.*, 2010 WL 3169286 (D.S.C. Aug. 6, 2010) (Herlong, J.) (same).